JAMES B. HENLY
General Counsel for the
Metropolitan Transportation Authority
347 Madison Avenue, 9th Floor
New York, NY 10017
By:    Ching Wah Chin (CC 2850)
        Associate Counsel
        (212) 878-1037

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

THOMAS CALVO, JR.,

                                                    **ANSWER**
                  Plaintiff,
          - against -                                **No. 07 civ 5993 (SHS)**

METROPOLITAN TRANSPORTATION
AUTHORITY,

                                       Defendant.
-----------------------------------------------------------------x

        Defendant METROPOLITAN TRANSPORTATION AUTHORITY (the "MTA"), by its attorney, JAMES B. HENLY, General Counsel of the MTA, as and for its Answer to the Complaint respectfully alleges as follows:

1.        Denies the allegations set forth in paragraph "1" of the Complaint; except admits that plaintiff purports to proceed as stated therein; and respectfully refers all questions of law to the Court.

2.        Denies the allegations set forth in paragraph "2" of the Complaint; except admits that the MTA is a New York State public authority under the New York State Public Authorities Law; and respectfully refers all questions of law to the Court.

3.        Denies the allegations set forth in paragraph "3" of the Complaint; and respectfully refers all questions of law to the Court.

4. Denies the allegations set forth in paragraph "4" of the Complaint; except admits that plaintiff has been employed as an MTA Police Officer; and respectfully refers all questions of law to the Court.

5. Denies the allegations set forth in paragraphs "5", "6", "7", "8", and "9" of the Complaint; and respectfully refers all questions of law to the Court.

6. Denies all allegations in the "Wherefore" clause of the Complaint, except admits that plaintiff purports to proceed as stated therein.

7. Denies all allegations of the Complaint not expressly admitted in this Answer, except those allegations of the Complaint which contain conclusions of law rather than statements of fact and which therefore require no response.

**AS AND FOR A FIRST DEFENSE:**

8. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND DEFENSE:**

9. This Court lacks subject matter jurisdiction over this action because the Federal Employers' Liability Act, 45 U.S.C. § 51, et seq., is not applicable to this action.

**AS AND FOR A THIRD DEFENSE:**

10. Alleged injuries and damages, if any, to the plaintiff were caused in whole or in part or were contributed to by the plaintiff's culpable conduct, by the plaintiff's want of care, by the plaintiff's own contributory negligence, and/or by the plaintiff's wilful violation of defendant's safety regulations and/or policies.

**AS AND FOR A FOURTH DEFENSE:**

11. Alleged injuries and damages, if any, to the plaintiff were caused in whole or in

part or were contributed to by the culpable conduct and/or by the want of care of third parties.

### AS AND FOR A FIFTH DEFENSE:

12. Alleged injuries and damages, if any, to the plaintiff were the result of an unavoidable accident or Act of God.

### AS AND FOR A SIXTH DEFENSE:

13. Plaintiff's claims are barred in whole or in party by the doctrines of estoppel and waiver, and to the extent that plaintiff consented to or acquiesced in any of the acts complained of in the Complaint.

### AS AND FOR A SEVENTH DEFENSE:

14. Plaintiff's sole and exclusive remedy is confined and limited to the benefits and provisions permitted under the Workers' Compensation Law of the State of New York.

### AS AND FOR A EIGHTH DEFENSE:

15. Any verdict in the within action for any medical care, dental care, custodial care, rehabilitation services, loss of earnings or other economic loss, should be reduced by the amount that any such expense has or will with reasonable certainty be replaced or indemnified in whole or in part from any collateral source, in accordance with the provisions and limitations of the laws of the State of New York.

### AS AND FOR A NINTH DEFENSE:

16. Defendant pleads, in diminution of damages, that any and all alleged injuries and damages, if any, to the plaintiff were proximately caused or contributed to, in whole or in part, by the negligence, carelessness, recklessness, and/or wilfulness of the plaintiff.

## AS AND FOR A TENTH DEFENSE:

17.     Plaintiff was not employed by the MTA at the time relevant to the allegations contained in the Complaint, and/or plaintiff's alleged injuries in the Complaint were not the result of a foreseeable risk or danger of his employment by defendant but were instead of the result while engaged in activities outside the scope and course of his employment.

## AS AND FOR A ELEVENTH DEFENSE:

18.     Plaintiff failed to name a necessary party.

## AS AND FOR A TWELFTH DEFENSE:

19.     Defendant specifically denies that plaintiff's injuries, if any, were caused or contributed to by reason of defendant's violation of any statute, law, regulation, rule, and/or any other legislation relevant to this action.

## AS AND FOR A THIRTEENTH DEFENSE:

20.     Defendant's actions were in good faith and for good cause including, but not limited to, legitimate, rational, and appropriate public interests.

WHEREFORE, defendant requests judgment dismissing the Complaint together with costs, disbursements, and attorneys' fees and any other relief the Court deems just and proper.

Dated: New York, New York
July 13, 2007

JAMES B. HENLY
General Counsel for the
Metropolitan Transportation Authority
347 Madison Avenue, 9th Floor
New York, NY 10017

/s/ _____
By: Ching Wah Chin (CC 2850)
Associate Counsel
(212) 878-1037

TO: Philip J. Dinhoffer, Esq.
Attorney for Plaintiff
77 N.Centre Ave. - Suite 311
Rockville Centre  NY  11570
(516) 678-3500

AFFIRMATION OF SERVICE

I hereby affirm that on July 16, 2007, I caused a true and correct copy of the foregoing Answer to be served by upon:

>Philip J. Dinhoffer, Esq.
>Attorney for Plaintiff
>77 N.Centre Ave. - Suite 311
>Rockville Centre  NY  11570

Dated:    New York, New York
          July 16, 2007

                                                           /s/ [signature]