```
USDC SDNY
DOCUMENT
ELECTRONICALLY  FILED
DOC #: _____
DATE FILED: 5/12/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

THOMAS CALVO, JR.,

                                    Plaintiff,

            - against -

METROPOLITAN TRANSPORTATION AUTHORITY,
                                    Defendant.
----------------------------------------------------------------x

**STIPULATION OF
DISCONTINUANCE AND
INDEMNITY AGREEMENT**
No. 07 civ 5993 (SHS)

            **IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned
attorneys for the parties herein, pursuant to the terms of a Settlement Agreement executed on or
before the date of this Stipulation, that the above-entitled action is hereby discontinued with
prejudice and without costs to either party as against the other.

            **IT IS FURTHER UNDERSTOOD AND AGREED** that plaintiff and plaintiff's
counsel hereby agree to indemnify and hold harmless the Metropolitan Transportation Authority
("MTA"), its affiliates and subsidiaries which include the New York City Transit Authority,
Manhattan and Bronx Surface Transit Operating Authority, Staten Island Rapid Transit
Operating Authority, Long Island Rail Road Company, Metro-North Commuter Railroad
Company, Metropolitan Suburban Bus Authority, MTA Bus Company, MTA Capital
Construction Company, and Triborough Bridge and Tunnel Authority, and all other related
persons, and entities, and its/their present and former insurers, owners, heirs, executors,
administrators, subsidiaries, divisions, predecessors-in-business or interest,
successors-in-business or interest, directors, officers, attorneys, medical personnel, employees,
agents, successors, and assigns, and MTA's legal counsel herein, of any and all liability, actions,
judgments, arising from or in any way connected to or with subrogation claims or liens for any
compensation or medical payments due or claimed to be due or paid under any law (state or
federal), regulation or contract, and from all losses, claims, liabilities, actions, causes of action,
judgments, verdicts, awards and demands of whatsoever kind or nature arising as a result of or
pertaining in any way to the matters referred to in this litigation.

*Excluding the workers' compensation lien/offset referred to in item 1 of the settlement agreement (P)*

1 of 2

07 Civ. 5993 (SHS)

Dated: ___5|10|08___ , 2008


By:    Ching Wah Chin (CC 2850)
       Associate Counsel
James Henly, General Counsel

*Attorney for Defendant* MTA
347 Madison Avenue, 9th Floor
New York, NY 10017
(212) 878-1037

Philip J. Dinhoffer, Esq. ( PD 6940)

*Attorney for Plaintiff* THOMAS CALVO, JR.
77 N.Centre Ave. - Suite 311
Rockville Centre NY 11570
(516) 678-3500


SO ORDERED: _____    5|12|08
                    U.S.D.J.                 Dated

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

THOMAS CALVO, JR.,

                Plaintiff,

      - against -               **SETTLEMENT AGREEMENT**
                                           No. 07 civ 5993 (SHS)

METROPOLITAN TRANSPORTATION
AUTHORITY,

                Defendant.

-------------------------------------------------------------------x

It is hereby agreed by and between THOMAS CALVO, JR ("Plaintiff") and Metropolitan Transportation Authority ("MTA" or "Defendant"), collectively "The Parties," and by counsel for The Parties, none of whom is an infant, incompetent person for whom a committee has been appointed or conservatee, and as no person not a party has an interest in the subject matter of the action, that the above-captioned action (the "Action") is hereby fully and finally settled, and discontinued with prejudice without costs to either party as against the other, according to the following terms and conditions:

1.      Defendant agrees to pay to Plaintiff within thirty days of this Settlement Agreement the total sum of **FIFTEEN THOUSAND DOLLARS ($15,000.00)**, which amount is net of the $5,060.15 constituting the Workers' Compensation lien/offset of Defendant pursuant to the New York State Workers' Compensation Law (the "Lien/Offset"). Said payment of $15,000.00 is in full and final settlement of this matter and in full satisfaction of the Lien/Offset. The check shall be made payable to the order of "PHILIP J. DINHOFFER, as attorney for THOMAS CALVO, JR", delivered to the offices of Philip J. Dinhoffer, Esq.

2.      Plaintiff hereby: (a) discontinues and withdraws with prejudice any claim(s) for work related injuries pending before the New York State Workers Compensation Board regarding or arising from an incident on or about November 9, 2004 alleged in the complaint in this Action; (b) authorizes the Defendant to represent before the New York State Workers Compensation Board and elsewhere as necessary that Plaintiff has discontinued and withdrawn with prejudice the aforementioned Workers Compensation claim(s); and (c) agrees to cooperate with the New York State Workers

*plaintiff's initials:* _____

Compensation Board or otherwise as necessary to discontinue and withdraw the claim(s) with prejudice, and agrees not to make any such claim(s) in the future.

3.      Nothing herein shall be construed in any way whatsoever against the MTA as an admission of liability including, without limitation, that Defendant caused any injury to Plaintiff or that any such injury was work related. The MTA specifically denies any liability, wrongdoing or violation of any law, statute, regulation or policy, and it is expressly understood that this Agreement is being entered into by the MTA solely for the purpose of avoiding the inconvenience of further litigation.

4.      On or before the date of this Settlement Agreement, on forms acceptable to the MTA, Plaintiff will execute and tender to Defendant's attorney a GENERAL RELEASE & INDEMNITY AGREEMENT to defend, indemnify and hold harmless the MTA, its subsidiaries and affiliates from any and all claims by third parties, including any claims of subrogation or liens in any way related to the alleged incident of November 9, 2004 or other claims advanced in this Action.

5.      Nothing herein shall be construed in any way whatsoever to support, limit or prevent any application for a disability pension.

6.      Nothing herein shall be construed as changing, limiting or contrary to the terms and conditions in the aforesaid General Release and Indemnity Agreement pertaining to this matter, executed by Plaintiff.

7.      The Parties agree not to disclose the terms and conditions of this Settlement Agreement to any third party, except as may be required by law.

8.      This may be filed without further notice with the Clerk of the Court.

*[signature page following]*

2 of 3                                    *plaintiff's initials:*

Dated: ____5/10/08____ , 2008

METROPOLITAN
TRANSPORTATION AUTHORITY

THOMAS CALVO, JR

By:    Ching Wah Chin (CC 2850)
       Associate Counsel

Thomas Calvo, Jr , Plaintiff

James Henly, General Counsel
*Attorney for Defendant*
347 Madison Avenue, 9th Floor
New York, NY 10017
(212) 878-1037

Philip J. Dinhoffer, Esq. (PD 6940)
*Attorney for Plaintiff*
77 N.Centre Ave. - Suite 311
Rockville Centre  NY  11570
(516) 678-350